IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| GTR RENTAL, LLC f/k/a ) | |
| CITICAPITAL TRAILER RENTAL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | C/A No. 3:05-1007-CMC |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | **ON MOTION TO DISMISS** |
| JOHN DALCANTON, GARY GILLION, ) | |
| and CAPITAL CITY TRAILER, LLC, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on Plaintiff's motion to dismiss Defendants' first, third and fourth counterclaims, in full, and second counterclaim in part. For the reasons set forth below, this motion is granted with leave to replead. If Defendants elect to replead their counterclaims, they shall file and serve their amended answer and counterclaims no later than August 1, 2005.

**Background**

Defendants John Dalcanton ("Dalcanton") and Gary Gillion ("Gillion") are former officers or employees, or both, of Plaintiff GTR Rental, LLC's ("GTR") predecessor, CitiCapital Trailer Rental, Inc. ("CitiCapital"). GTR alleges that, while still employed by CitiCapital, Dalcanton and Gillion formed a company to which they gave the similar name "Capital City Trailer," later Capital City Trailer, LLC," ("Capital City"). GTR further alleges that DalCanton and Gillion fraudulently caused GTR's predecessor, CitiCapital, to lease trailers to Defendant Capital City at below-market prices, then caused Capital City to sublease the trailers to CitiCapital's existing customers.

The present action was filed on April 1, 2005. A motion for a temporary restraining order ("TRO") was filed on April 8, 2005. The court granted the TRO by order entered April 11, 2005, setting a preliminary injunction hearing on April 22, 2005.

At or prior to the hearing, Defendants offered to enter a stipulation which would largely moot the request for preliminary injunctive relief. The stipulation assigned all of Defendant Capital City's rights under the leases and subleases to GTR. This included giving GTR the right to receive not only future rent payments but also any uncollected past-due rents. A letter was then drafted by counsel, with input from the court, to be sent to the sublessees explaining the assignment in as neutral a manner as was consistent with the circumstances. The combination of the stipulation and letter foreclosed the necessity for further injunctive relief.

Defendants' counterclaims relate largely to actions taken by GTR or its affiliates with respect to the very subleases which are the subject of the stipulation. Generally, these claims rest on allegations that agents of GTR contacted the sublessees and made statements which caused the sublessees to withhold rents from Defendant City Capital. There are also general allegations of interference with contracts (presumably involving the same leases and possibly the same statements) and other injuries flowing from defamatory remarks. While the alleged wrongful acts and resulting injuries are only generally described, it is evident that the stipulation itself may limit any available damages.

**Defamation.** The first counterclaim fails to allege facts sufficient to support the elements of a defamation claim. This is because it fails to give notice of "the party to whom [CitiCapital] made defamatory statements, when the statements were made, . . . the content of those statements[, or] . . . the nature of the damages that resulted from the statements." *D&G Flooring, LLC v. Home Depot U.S.A., Inc.,* 346 F. Supp. 2d 818, 824-25 (D.Md. 2004). *See also Murray v. Holnam, Inc.,* 542 S.E.2d 743, 748 (S.C. App. 2001) (listing elements of defamation claim under South Carolina law).

Multiple factors suggest that greater specificity than has been provided is necessary in the present case to give Plaintiff fair notice of the claims which it must defend. First, there are

apparently multiple statements to multiple individuals involved. Second, there are issues of privilege which will need to be resolved. Third, the stipulation may limit damages flowing from certain of the allegedly defamatory statements (most particularly as to who is entitled to receive rents). For all of these reasons, the court concludes that the first counterclaim should be dismissed with leave to replead.

If Defendants elect to replead this claim, they shall, for each allegedly defamatory statement made, indicate: (1) the content of the statement; (2) to whom the statement was made; (3) to the extent it can be determined at this time, when and by whom the statement was made; (4) how the statement injured Defendants; and (5) facts relevant to the absence of privilege.

**Payment of Wages.** Defendants concede that the South Carolina Wage Payment Act aspects of the second counterclaim should be dismissed. The other aspects of the second counterclaim are not challenged. If Defendants elect to file an amended answer and counterclaim, the second counterclaim shall be modified to delete the Wage Payment Act claim.

**Tortious Interference with Contract.** The third counterclaim, for similar reasons, fails to adequately state a claim for tortious interference with contract. This claim is, therefore, also dismissed with leave to replead.

If Defendants elect to replead this claim, they shall identify each of the contracts allegedly interfered with including by providing the names of the other parties to the contract. Defendants shall also indicate the acts which they allege constitute interference and the dates and nature of any resulting breach. Defendants shall also specify the damages which they claim flow from the alleged breach of each such contract.

**South Carolina Unfair Trade Practices Act.** The Fourth Counterclaim is defective for failing to allege existing ascertainable damages. Even if otherwise permissible, generic allegations

3

of damages will not suffice in this case in light of the stipulation which, necessarily, limits the damages which might otherwise be available.

The "public impact" requirement is, likewise, inadequately pled in light of the nature of the action, a dispute between two business entities. *See generally Noack Enterprises, Inc. v. Country Corner Interiors of Hilton Head Island, Inc.,* 351 S.E.2d 347, 350-51 (S.C. App. 1986) (dismissing SCUTPA claim arising from sale of business because there were "no allegations in the complaint that suggest that any of the unfair acts or deceptive practices allegedly employed . . . might possibly recur" or otherwise "demonstrat[e] that [the complained of] acts or practices adversely affect the public").

For these reasons, the court dismisses the fourth counterclaim. Defendants shall, however, be allowed leave to replead this claim.

## CONCLUSION

For the reasons set out above, the motion to dismiss is granted. The first, third and fourth counterclaims are dismissed in full and the second counterclaim is dismissed to the extent it alleges a violation of South Carolina's Wage Payment Act. This dismissal is with leave to file an amended answer and counterclaim correcting the deficiencies noted as to the first, third, and fourth counterclaims. The dismissal of the Wage Payment Act portion of the second counterclaim is, however, with prejudice. Any amended answer and counterclaim shall be filed no later than August 1, 2005.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
July 7, 2005

4

5

C:\temp\notesB0AA3C\~0216461.wpd